**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| ROBERT ALEXANDER, KRISTI ALEXANDER, MASON CARSON, ERIC DOHERTY, MARIE GARDNER, CHARLES KELLEY, Jr., SUSAN MACKAY, NEIL MACKAY, ANTHONY MAGEE, GABRIELLA M. MAGEE, HEATHER MAGEE, MARINA MAGEE, MATTHEW MCDONALD, KELLEY TUPPER, | ) | Civil Action No. ___________ |
| Plaintiffs | ) | **DECLARATORY AND INJUCTIVE RELIEF SOUGHT** |
| v. | ) | |
| MATTHEW DUNLAP, in his official capacity as Secretary of State for the State of Maine | ) | |
| Defendant | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

NOW COME Plaintiffs, Robert Alexander, Kristi Alexander, Mason Carson, Eric Doherty, Marie Gardner, Charles Kelley, Jr., Susan MacKay, Neil MacKay, Anthony Magee, Gabriella Magee, Heather Magee, Marina Magee, Matthew McDonald, and Kelley Tupper (collectively, "Plaintiffs"), by and through their undersigned counsel, and hereby complain against Defendant Matthew Dunlap, in his capacity as the Secretary of State for the State of Maine as follows:

**The Parties**

1. Plaintiff Robert Alexander is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. Alexander timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the

general election to occur in November. Mr. Alexander supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Alexander seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

2. Plaintiff Kristi Alexander is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. Alexander timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. Alexander supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. Alexander seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

3. Plaintiff Mason Carson is a resident of the Town of Presque Isle, Aroostook County, and State of Maine. Mr. Carson timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. Carson supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Carson seeks to engage in content-based political expression and association, petition for redress of grievances, and voting,

through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

4. Plaintiff Eric Doherty is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. Doherty timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. Doherty supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Doherty seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

5. Plaintiff Marie Gardner is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. Gardner timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. Gardner supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. Gardner seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

6. Plaintiff Charles Kelley is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. Kelley timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. Kelley supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Kelley seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

7. Plaintiff Susan MacKay is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. MacKay timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. MacKay supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. MacKay seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

8. Plaintiff Neil MacKay is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. McKay timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12,

2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. McKay supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. McKay seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

9. Plaintiff Anthony Magee is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. Magee timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. Magee supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Magee seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

10. Plaintiff Gabriella Magee is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. Magee timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. Magee supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. Magee seeks to engage in content-

based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

11. Plaintiff Heather Magee is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. Magee timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. Magee supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. Magee seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

12. Plaintiff Marina Magee is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Ms. Magee timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Ms. Magee supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Ms. Magee seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the

Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

13. Plaintiff Matthew McDonald is a resident of the Town of Northport, Waldo County, and State of Maine. Mr. McDonald timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. McDonald supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. McDonald seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

14. Plaintiff Kelly Tupper is a resident of the Town of Ellsworth, Hancock County, and State of Maine. Mr. Tupper timely signed Max P. Linn's Nominating Petition voicing his express written request and support for having Linn's name appear on the ballot for the June 12, 2018 Republican primary for the Senate seat currently held by Angus King, with the general election to occur in November. Mr. Tupper supports Linn's candidacy for the United States Senate and intends to vote for Mr. Linn in the primary. Mr. Tupper seeks to engage in content-based political expression and association, petition for redress of grievances, and voting, through the nomination of Linn to run for the office of United States Senator as the candidate of the Republican party, through support for his campaign, and by voting for him as a named candidate on June 12th.

15. Defendant Mathew Dunlap (the "Secretary") is Secretary of State for the State of Maine. He is a constitutional officer of the State of Maine and maintains an office in Augusta, Maine. In his individual capacity, Dunlap is a resident of Maine. With respect to all of the allegations and claims set forth in this Complaint, Dunlap acted in his official capacity under the color of state law.

## Jurisdiction & Venue

16. Venue is proper in this Court because the events giving rise to these claims occurred in this District, all parties are residents of Maine, and because Defendant maintains his offices in Maine. Moreover, this Court has personal jurisdiction over the Defendant because he is a Maine state officeholder.

17. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because this case arises under the First and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

18. There are no pending state court proceedings relating to any or all of the factual and/or legal claims asserted in this Complaint.

## Factual Background

19. Linn is a candidate for the Republican nomination to run for the Maine senatorial seat currently held by Angus King. The general election for that seat will take place in November of 2018. In order to be placed on the ballot as a candidate for the Republican nomination for the United State Senate, Linn was required to submit a petition containing a total of at least 2,000 valid signatures from voters resident in Maine and members of the Republican party, pursuant to 21-A M.R.S.A. § 335(5)(B).

20. For the purpose of being placed on the ballot for the Republican primary election to be held on June 12, 2018, Linn timely presented to Defendant Dunlap and the Department of the Secretary of State (the "Department") a nominating petition and consent form (the "Petition"). The Petition was comprised of multiple separate petition forms, each of which contained signatures of Maine residents supporting Linn's candidacy. The Petition contained a total of 2,248 valid signatures based on certifications by municipal registrars and review by the Department's Elections Division staff.

21. The only candidates appearing on the ballot for the Republican nomination for United States Senator are Max Linn and Eric Brakey.

22. On March 22, 2018, David Boyer of Portland filed a written challenge to Linn's Petition pursuant to 21-A M.R.S.A. § 337. Upon information and belief, Boyer is associated with and/or employed by Brakey's Senate campaign.

23. 21-A M.R.S.A. § 337(3)(B) placed on Boyer "the burden of providing sufficient evidence to invalidate the petitions or any names upon the petitions."

24. On March 29, 2018, the Secretary held a hearing for purposes of taking evidence and hearing argument related to the allegations made by Boyer in his challenge to Linn's Petition (the "First Hearing").

25. On April 5, 2018, the Secretary issued his "Ruling of the Secretary of State" on Boyer's challenge (the "Ruling"). In the Ruling, the Secretary found sufficient grounds to invalidate 230 signatures on Linn's Petition. After those signatures were stricken, Linn still had 2018 valid signatures, 18 more than needed to satisfy 21-A M.R.S.A. § 335(5)(B). A true and accurate copy of the Ruling is attached hereto as ***Exhibit A***.

26. In the Ruling, the Secretary invalidated approximately ten separate petition forms in their entirety (identified at the First Hearing as Exhibits 13, 15, 16, 17, 18, 19, 21, 23, 24, and 25), thereby striking all of the municipal registrar-approved signatures on each of such petitions – over 190 signatures – even though Boyer had challenged only approximately 45 signatures above and beyond those stricken by the municipal registrars. First Ruling, pp. 5-7.

27. Boyer appealed to the Maine Superior Court pursuant to Rule 80(c) of the Maine Rules of Civil Procedure, and in the context of that appeal proceeding, he sought an order compelling the Secretary to take additional evidence, purportedly unavailable to him before the First Hearing.

28. The Superior Court granted Boyer's motion and ordered the Secretary to take additional evidence and in so ruling, the Court further stated:

> After taking such additional evidence, the [Department] may modify its findings and decisions and shall file with the court, to become part of the record in this matter, the additional evidence and any new findings or decision.

29. On April 24, 2018, the Secretary held another hearing in accordance with the Court's Order (the "Second Hearing"). At the Second Hearing, Boyer testified, describing the process he and others in the Brakey for Senate campaign had undertaken to check the party enrollment status of voters whose signatures were on the Linn Petition. He also presented various documents.

30. Linn testified on his own behalf and adduced the testimony of Susan L. MacKay, one of the circulators who gathered nominating petitions on his behalf. He also submitted several affidavits from voters whose signatures were on one of the challenged petition forms, which petition form had been previously marked and introduced into the record at the First Hearing as Exhibit 25. MacKay was the circulator who had signed and attested to Exhibit 25.

31. After the Second Hearing, the Secretary issued his "Supplemental Ruling of the Secretary of State" on Boyer's challenge (the "Supplemental Ruling"). In the Supplemental Ruling, the Secretary reaffirmed his wholesale striking of nine of the petition forms. The Secretary also reinstated 19 signatures from one petition form – Exhibit 25 – that had been previously stricken in its entirety. The Secretary did so after hearing MacKay's testimony regarding the same. A true and accurate copy of the Supplemental Ruling is attached hereto as ***Exhibit B***.

32. In total, in both hearings before him, the Secretary struck approximately 170 municipal registrar-approved signatures by striking nine petition forms in their entirety (identified at the First and Second Hearings as Exhibits 13, 15, 16, 17, 18, 19, 21, 23, and 24) (collectively the "Stricken Forms"). By striking these petition forms in their entirety, the Secretary not only struck signatures as to which evidence had been presented of impropriety, he struck all signatures on each of the Stricken Forms, even signatures as to which there was no evidence presented of any fraud or impropriety, and notwithstanding the fact that such stricken signatures had been originally certified by the municipal registrars as valid being.

33. The Secretary rationalized this action as follows:

> The petition forms I am invalidating in their entirety are those petitions for which the challenger has presented sufficient proof of fraud to undermine the validity of the circulators' oath and the validity of the entire petition, in accordance with section 335(9).

34. The "sufficient proof of fraud" relied upon by the Secretary was his determination that if on a particular petition form, some, but less than all, signatures thereon were invalid, then all signatures on that form would be deemed invalid. In other words, by virtue of the Secretary's determination that some signatures on a petition form were invalid, he inferred that all were invalid, notwithstanding the lack of any evidence of invalidity as to such signatures, and their certification by the municipal registrars.

35. This impermissible inference and burden shift from the challenger to Linn is evidenced by, *inter alia*, the petition form marked at the First Hearing as Exhibit 25. In the Ruling, the Secretary found "sufficient evidence of fraud to invalidate the entire petition, which includes 19 signatures originally counted as valid." Ruling, p. 7. At the Second Hearing, Linn adduced testimony from MacKay regarding the signatures on the petition form marked as Exhibit 25. Supplemental Ruling, pp. 3-4. After hearing that testimony, the Secretary reinstated 19 signatures. *Id.*, p. 4

36. The effect of the Ruling and the Supplemental Ruling was a determination that a total of 258 signatures on Linn's petition, that had initially been counted as valid were deemed invalid and stricken. These 258 invalidated signatures included no fewer than 100 and possibly as many as 176 signatures which were invalidated without any evidence of impropriety, other than being on the same petition form as another invalidated signature. The subtraction of 258 signatures from the original total of 2,248 signatures left Linn with 1,990 valid signatures, which invalidated his Petition because he had ten valid signatures less than that required by 21-A M.R.S.A. § 335(5)(B). Had the Secretary not invalidated signatures as to which there was no evidence of impropriety (other than being on the same petition form as an invalidated signature), Linn would have been left with at least 2,090 (and possibly more) signatures, enough to satisfy the requirement for his candidacy for the Republican nomination for U.S. Senate.

37. Linn appealed the Ruling and the Supplemental Ruling to the Maine Superior Court pursuant to 21-A M.R.S.A. § 337(2)(D) and M.R.Civ.P. 80, challenging, *inter alia*, the Secretary's complete invalidation of signatures on petition forms, where no evidence of impropriety had been presented other than the presence of these signatures on a petition form which contained one or

more invalidated signatures. On April 25, 2018, the Superior Court heard oral argument from Linn and the Departments as to Linn's appeal.

38. On April 26, 2018, the Superior Court issued a "Decision and Order on Rule 80C Appeal" (the "80C Order") affirming the Secretary's decision in the Ruling, as amended by the Supplemental Ruling. A true and accurate copy of the 80C Order is attached hereto as ***Exhibit C***.

39. In doing so, the Court considered and interpreted 21-A M.R.S.A. § 335(9), which reads as follows:

> **Petition validity.** For a candidate to qualify for the ballot, a nomination petition must meet all of the requirements of this section. If the circulator swears an oath or affirmation in accordance with subsection 7, paragraph A that the circulator reasonably believes to be true and accurate at the time the oath or affirmation is sworn and there is no proof of fraud or a knowingly false statement by the circulator, then the voters' signatures that do not meet the requirements of subsection 7, paragraph A may not be counted, but the petition is otherwise valid.

80C Order, p 11, *et seq*. The Court ruled that this provision "permit[s] the Secretary to invalidate entire petitions where such proof of fraud is found to exist but does not mandate it." *Id.* p. 12 (emphasis in original).

40. 21-A M.R.S.A. § 337(3)(B) places the burden on a challenger to produce evidence of fraud sufficient to invalidate a petition form or the signatures thereon. In contravention of this statute, the Superior Court held that it was Linn's burden to show, with direct evidence from the circulators of the challenged petition forms, that they did not take part in any fraud. 80C Order, p. 14.

41. The Superior Court found that the Secretary had properly exercised his discretion "in determining where fraud existed and whether that fraud affected and whether that fraud affected the remaining signatures on the petition." 80C Order, p. 16.

42. Linn timely appealed the 80C Order to the Maine Supreme Judicial Court. After hearing oral argument, the Supreme Judicial Court, on May 8, 2018 issued its Memorandum of Decision affirming the Secretary's decisions in the Ruling and the Supplemental Ruling, holding that Linn "has not demonstrated that either the Secretary of State or the court committed an abuse of discretion or any error or law, or that the Secretary of State made findings unsupported by competent record evidence." A true and accurate copy of the Memorandum of Decision is attached hereto as ***Exhibit D***.

43. Because ballots for the Republican primary to be held on June 12, 2018 have already been printed with Linn's name as a candidate for the Republican party nomination for Senate, the Secretary has stated his intention to distribute a notice to voters on June 12th, at all polling places, stating that, notwithstanding the fact that Linn's name is on the ballot for the Republican nomination, any votes cast for Linn will be disregarded (the "Notice"). *See, e.g.*, http://www.maine.gov/sos/news/2018/ballotwithdraw.html ("Max Patrick Linn, a Republican candidate for U.S. Senate, has been disqualified from the June 12, 2018 Primary Election by the Maine Supreme Judicial Court . . . [His] name[] will remain on the ballot because the disqualification . . . was received less than 70 days before the Primary Election. A vote for . . . th[is] candidate[] will be counted as a blank. Voter will see reminders of the . . . disqualification posted at the polling place . . . .")

44. By reason of the foregoing actions of the Secretary, he has exercised discretion to (a) disenfranchise Plaintiffs; and (b) determine – notwithstanding the existence of more than 2000 signatures for Mr. Linn's candidacy which were both properly certified and unchallenged by any person – that Brakey will be the Maine Republican party's nominee for the United States Senate seat.

45. As of the date of the filing of this Complaint, eight (8) days remains before the Republican primary. In the absence of injunctive relief (a) barring the distribution of the Notice to Republican primary voters; and (b) ordering the Secretary to accept and tally all votes in favor of Linn in that primary, the constitutional rights of Plaintiffs to exercise their rights of expression, association, petition and voting through the nomination of Mr. Linn as a Republican party candidate for U.S. Senate will be irreparably harmed and lost.

## Count I

### *Violation of First Amendment*

**(Request for Declaratory and Injunctive Relief Pursuant to Rules 57 and 65 of the Federal Rules of Civil Procedure, 42 U.S.C. § 1983, and the First and Fourteenth Amendments to the United States Constitution)**

46. Plaintiffs repeat and restate the allegations above as if fully set forth herein.

47. Plaintiffs' rights to associate for the advancement of their political beliefs and to express their political views by casting votes effectively are core constitutional rights enshrined in the First Amendment. The Fourteenth Amendment ensures that those rights are protected from infringement by the states and state actors, including the Secretary.

48. By participating in the signing of petitions for the purpose of nominating Linn as a candidate for United States Senate, Plaintiffs were and are engaged in the exercise of those First Amendment rights.

49. The Secretary invalidated Linn's Petition because, after the 100 to 170-plus unchallenged signatures on the Stricken Forms were improperly excised, Linn was ten signatures short of the 2,000 signature threshold mandated by Maine law. Had the Secretary not improperly stricken those unchallenged signatures from the Stricken Forms, Linn would have had more than enough signatures to pass the 2,000 signature threshold.

50. Given the importance of Plaintiffs' First and Fourteenth Amendment rights, the Secretary's decision to disenfranchise Plaintiffs by invalidating all of the signatures on the Stricken Forms and disqualifying Linn from the Republican primary was a constitutional violation.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter a declaratory judgment proclaiming that the Secretary's decisions to (1) invalidate all of the signatures on the Stricken Forms, regardless of whether there was any evidence to challenge every signature thereon; and (2) disqualify Linn from running as a candidate for the Republican nomination in the upcoming United States Senate election is unconstitutional as a deprivation of Plaintiffs' fundamental liberties without due process in violation of the First and Fourteenth Amendments to the United States Constitution;

B. Enter an injunction (a) barring the Secretary from posting the Notices at polling places or otherwise providing them to voters (to the extent they have not already been provided to absentees voters) before the June 12th primary and enjoining the Secretary from taking any other action, or omitting to take any action, that would effectuate the removal and/or exclusion of Linn's name from the ballot for that election or interfere with voters; ability to vote for Linn; and (b) requiring the Secretary to accept and record all votes for Linn cast in June 12th primary; and

C. Award such other and further relief as is just and proper.

Dated: June 4, 2018

/s/ George J. Marcus
George J. Marcus
David C. Johnson

Attorneys for Plaintiffs Robert Alexander, Kristi Alexander, Mason Carson, Eric Doherty, Marie Gardner, Charles Kelly, Jr., Susan MacKay, Neil MacKay, Anthony Magee, Gabriella Magee, Heather Magee, Marina Magee, Matthew McDonald, and Kelley Tupper

MARCUS | CLEGG
One Canal Plaza
Suite 600
Portland, ME 04101
207.828.8000